36476. PAN AM MARKETING, INC. v. FINCANNON et al.

BOWLES, Justice.

Geoffrey Milspaw, Robert Baitcher and Karel Pruner were shareholders in Honey For The Bears, Inc. On January 19, 1978 Milspaw executed a note in the sum of $5,000 to Baitcher and simultaneously Honey For The Bears, Inc. executed a Bill of Sale to Secure Debt to Baitcher covering certain fixtures and equipment (hereinafter referred to as "collateral") held by the corporation. Honey For the Bears, Inc. executed a UCC Financing Statement to Baitcher covering the collateral which Baitcher filed on January 30, 1978.

On February 28, 1978 Milspaw executed a note in the sum of $2,500 to Pruner and contemporaneously Honey For The Bears, Inc. executed a Bill of Sale to Secure Debt to Pruner covering the collateral. Honey For the Bears, Inc. also executed a UCC Financing Statement to Pruner which Pruner filed on March 9, 1978.

---

On January 11, 1979 Milspaw and Honey For The Bears, Inc. executed a note in the amount of $20,000 and a security agreement to plaintiff Fincannon. Milspaw and Honey For The Bears, Inc. also delivered to Fincannon UCC Financing Statements covering the collateral which he filed on January 15, 1979.

On February 27, 1979 Milspaw and Honey For The Bears, Inc. executed a second note for $10,000 to Fincannon and amended the original security agreement to reflect this.

On November 9, 1979 Fincannon filed a petition for judgment on the two notes and for a writ of possession as to the collateral. The complaint was served on Milspaw on that date, and John Balasco, roommate of Milspaw, was present when the complaint was served.

On November 15, 1979 Balasco purchased the notes held by Baitcher and Pruner, which were at the time in default. Simultaneously both Baitcher and Pruner assigned their rights under the Bill of Sale to Secure Debt and the UCC Financing Statements to Balasco.

On November 15, 1979 Milspaw and Honey For The Bears, Inc. executed a waiver of notice and renunciation of rights under the UCC in favor of Balasco.

On November 15 or 16, 1979 Balasco sold all of the collateral at a private sale to Pan Am Marketing, Inc. (Pan Am) for $3,000. Balasco did not give notice of the private sale to Fincannon nor to any party other than Pan Am. Balasco's brother owns 80% of the stock in Pan Am. At the time of the private sale to Pan Am, Milspaw, Balasco and Pan Am were aware that a hearing pursuant to Fincannon's petition for a writ of possession was to be held on the morning of November 16, 1979.

The trial court permitted Pan Am to intervene in the suit and allowed Fincannon to add Pan Am and John and Bryon Balasco as defendants. Fincannon amended his complaint to allege conspiracy to defraud by all defendants.

The trial court granted a temporary injunction against Pan Am to prevent it from disposing of the collateral.

The sole issue before this court is whether the trial judge abused his discretion in granting the temporary injunction.

A trial judge's discretion to determine whether a temporary injunction should issue will not be disturbed unless "some principle of substantial equity has been violated." *Benning v. Benning,* 239 Ga. 470 (238 SE2d 111) (1977); *Jones v. Johnson,* 60 Ga. 261 (3) (1878). The trial court concluded that unless Pan Am was temporarily restrained from disposing of the collateral Fincannon might be forced to pursue a multiplicity of legal actions in order to protect his interests. In these circumstances we cannot say that the trial court

abused its discretion in granting the temporary injunction. See Code Ann. § 55-108.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 14, 1980 — DECIDED
SEPTEMBER 9, 1980.

*R. Britt Harris, Jr.,* for appellant.
*Bruce B. Weddell,* for appellees.